Larry J. Kuznetz, WSBA No. 8697
Sarah N. Harmon, WSBA No. 46493
POWELL, KUZNETZ & PARKER, P.S.
316 W. Boone, Ste. 380
Spokane, WA 99201-2346
(509)455-4151
FAX: (509)455-8522

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY VELA,<br><br>                              Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>                      Defendant(s). | No.<br><br>COMPLAINT FOR DISCRIMANATORY EMPLOYMENT PRACTICES AND FAILURE TO ACCOMMODATE AND JURY DEMAND |

COMES NOW the plaintiff, ANTHONY VELA, by and through his attorneys of record, Larry J. Kuznetz and Sarah N. Harmon, of Powell, Kuznetz & Parker, P.S., and alleges as follows:

## I.    **VENUE AND JURISDICTION**

1.1    Jurisdiction arises under 28 U.S.C.A § 1332 as complete diversity exists between Plaintiff and Wal-Mart as they are citizens of different states and the amount in controversy exceeds $75,000.00 as Plaintiff is seeking monetary relief for past and future economic wage loss and benefits, and non-economic damages including mental anguish and emotional distress.

COMPLAINT - 1

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

1.2    Venue is proper pursuant to 28 U.S.C.A. § 1391(b)(2) and (d) as Plaintiff currently resides in Spokane, Spokane County, Washington, is treated for his disability in Spokane County, and was employed and worked for Defendant in both Spokane and Benton counties. Defendant is a nation-wide corporation which resides in multiple districts, including Spokane County.

## II.    PARTIES

2.1    Plaintiff, ANTHONY VELA is currently a resident of Spokane County, Washington and citizen of the state of Washington.

2.2    Defendant, WAL-MART STORES, INC. is a foreign corporation, incorporated under the laws of the state of Delaware, with its principal place of business in Bentonville, Benton County, Arkansas. Thus, Wal-Mart is and has been a citizen of the states of Arkansas and Delaware while doing business in Spokane County, Washington.

## III.    FACTUAL ALLEGATIONS

3.1    Anthony Vela began working for defendant in 2003, at the Moses Lake, Washington Store. In June, 2006, Mr. Vela transferred to the Pasco, Washington store where he worked until November, 2008, when he transferred to the Spokane area at the Airway Heights store.

3.2    Mr. Vela was subsequently diagnosed with Obsessive Compulsive Disorder, Anxiety, and Insomnia by Psychologist Tamara Pederson in 2009.

3.3    On or about March 30, 2010, Dr. Pederson provided to defendant a request for reasonable accommodations for Mr. Vela because of his disability. The request was for defendant to provide Mr. Vela a consistent and permanent work schedule rather than a constantly changing work schedule. Additionally, Dr. Pederson completed defendant's medical questionnaire and provided it to defendant after further describing the cognitive limitations and physical health impairments associated with Mr. Vela's mental health condition. Dr. Pederson

COMPLAINT - 2

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE:  (509)455-4151
FAX:  (509)455-8522

informed defendant that a consistent and regular set schedule would not only promote Mr. Vela's mental health treatment, but that a constantly changing work schedule for varying shifts would have a negative and detrimental effect on Mr. Vela's mental health and treatment.

3.4 Defendant agreed and after that, Mr. Vela was given a consistent and regular set work schedule while employed for defendant at the Airway Heights location without issue.

3.5 Mr. Vela transferred back to Pasco, Washington, in June of 2010. Before the transfer, Mr. Vela confirmed with Human Resources at the corporate level that his reasonable accommodation paperwork would transfer to Pasco, Washington. He was assured by defendant that his accommodations would remain in place at any of defendant's locations and no additional paperwork or requests needed to be submitted to management at the Pasco location. Mr. Vela was further assured that his reasonable accommodation was part of his permanent personnel records.

3.6 Initially, after Mr. Vela had transferred to the Pasco store, his accommodations were followed and he worked a consistent and regular set schedule. Mr. Vela's typical work shift was 7am-4pm. However, various managers repeatedly asked Mr. Vela about changing his schedule and modifying his availability for other shifts. A recently hired assistant manager confronted Mr. Vela about his limited availability for shift scheduling. When Mr. Vela explained his need for an accommodation, the assistant manager interrupted him angrily and told him he was simply putting a band-aid on his problems and told Mr. Vela to get another job.

3.7 Despite numerous supervisors inquiring of Mr. Vela's schedule and accommodation, his schedule remained fairly consistent through June of 2015. During this time, Mr. Vela was able to travel to the Spokane area to continue his treatment and manage his mental health.

COMPLAINT - 3

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

3.8    In June, 2015, a new assistant manager, Allen Amende, took over the produce department where Mr. Vela was then working. Mr. Amende immediately began asking Mr. Vela to open his availability in order to schedule him on different shifts. Mr. Vela explained to Mr. Amende that he had a medical situation that required him to have a set work schedule. Mr. Amende's response was dismissive.  He appeared annoyed with Mr. Vela and his need for an accommodation.

3.9    Mr. Vela went to another supervisor, Joann Wheeler, to notify her that Mr. Amende wanted to change his schedule and make him open up his availability so he could be put on various shifts. Ms. Wheeler already knew Mr. Amende wanted to change Mr. Vela's schedule but assured Mr. Vela she would continue to accommodate his disability.

3.10    After Mr. Vela's discussion with Ms. Wheeler, Mr. Amende confronted Mr. Vela and told him that if he had any scheduling issues, he had to bring it up directly with him and not Ms. Wheeler.

3.11    After Mr. Amende was hired in June, 2015, he began to vary Mr. Vela's schedule and called him in to cover other shifts. Mr. Vela asked him on numerous occasions why he was failing to accommodate him by varying his schedule and calling him in. Mr. Amende told him that he needed to follow the schedule or he would have to have his hours cut. Mr. Amende began scheduling Mr. Vela for different shifts, late shifts, and split shifts.

3.12    On or about January 18, 2016, Mr. Vela's schedule was changed dramatically. Between January 18, 2016, and January 28, 2016, Mr. Vela was scheduled to come into work outside of his work availability. The shifts not only varied, but some began as early as 5:00 a.m. Mr. Vela was terrified he would lose hours or even his job if he discussed his schedule again with Mr. Amende, so he attempted to attend his new varying shift schedule.

3.13    Mr. Vela's health was affected by the varying schedule and his mental condition began to deteriorate. The stress and pressure caused by the

COMPLAINT - 4

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE:  (509)455-4151
FAX:  (509)455-8522

inconsistent schedule resulted in loss of sleep and insomnia, weight loss, increased depression and anxiety. Further, Mr. Vela was struggling to make it to work on time. Mr. Vela was marked tardy for each 5:00 a.m. shift that he was scheduled for during the January 18-28, 2016, time period.

3.14   Pursuant to defendant's policy and common practice, in order to avoid any tardiness marks on his record, Mr. Vela would apply his paid time off to adjust his time. As Mr. Vela had done over the past 13-years of employment, Wal-Mart allows its employees to use accrued sick time to cover and negate being marked as tardy for a shift. Each time adjustment must be approved by a supervisor. Mr. Vela had no issues when he requested approval to adjust his time by applying sick leave to avoid a tardy before January, 2016. However, when Mr. Vela attempted to adjust his time and apply his accrued sick leave to the days he was tardy in January of 2016, no supervisor would approve his request despite asking several different managers to do so.

3.15   On January 29, 2016, Mr. Vela was terminated for allegedly "altering his timecard" and time fraud. Mr. Vela's personnel file indicates that he is not rehireable by Wal-Mart.

3.16    After termination, Mr. Vela's mental health continued to deteriorate. He was unable to sleep and when he did, he had nightmares.  His parents could hear him screaming or crying in his sleep. His anxiety and depression increased significantly and affected his day to day life for years following the termination. Mr. Vela's progress and treatment for his mental health issues regressed significantly after Wal-Mart refused to accommodate his disability when it began varying his schedule and ultimately terminated him. Mr. Vela was a 13-year employee for Wal-Mart and has had a difficult time finding full-time work since his termination despite diligent efforts. Plaintiff was ready, willing and able to work, but Wal-Mart terminated him and refused to accommodate his disability.

COMPLAINT - 5

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

3.17    As a result of defendant's termination and failure to accommodate Mr. Vela, he has suffered economic loss, loss of employment benefits, as well as emotional and physical distress.

## IV.  FIRST CLAIM - DISCRIMINATION

4.1    The allegations of paragraphs 1.1 through paragraphs 3.17 are hereby incorporated by reference as if fully set forth herein.

4.2    Defendant discriminated against plaintiff based on his disability or perceived disability in violation of the Washington Law Against Discrimination, RCW 49.60.180.

4.3    As a direct and proximate result of defendant's discriminatory employment practices, plaintiff has sustained damages consisting of economic loss and emotional distress in an amount to be proved at trial.

4.4    Pursuant to RCW 49.60.030 plaintiff is entitled to his attorney's fees and costs as a result of defendants' discriminatory employment actions.

## V.  SECOND CLAIM – FAILURE TO ACCOMMODATE

5.1    The allegations of paragraphs 1.1 - 4.4 are hereby incorporated by reference as if fully set forth herein.

5.2    Defendant failed to accommodate plaintiff in violation of the Washington Law Against Discrimination, RCW 49.60.180.

5.3    As a direct and proximate result of defendant's discriminatory employment practices, plaintiff has sustained damages consisting of economic loss and emotional distress in an amount to be proved at trial.

5.4    Pursuant to RCW 49.60.030 plaintiff is entitled to his attorney's fees and costs as a result of defendant's discriminatory employment actions.

COMPLAINT - 6

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

## VI. THIRD CLAIM – TAX CONSEQUENCES

6.1    The allegations of paragraphs 1.1 – 5.4 are hereby incorporated by reference as if fully set forth herein.

6.2    Plaintiff will suffer adverse tax consequences as a result of any damages received herein and requests an additional award by the court for any adverse tax consequences.

## VII. JURY DEMAND

Plaintiff requests a jury on all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant for the following:

1.    For damages for economic loss as a result of defendant's conduct in an amount to be proved at the time of trial;

2.    For general damages for mental anguish and emotional distress in an amount to be proved at the time of trial;

3.    For damages for adverse tax consequence as a result of defendant's conduct in an amount to be proved at the time of trial;

4.    For prejudgment interest on all liquidated sums;

5.    For plaintiff's taxable costs incurred herein together with reasonable attorney's fees pursuant to RCW 49.60.030;

6.    For the designation of plaintiff's non-rehirable status to be removed from plaintiff's personnel file and defendant's records; and

7.    Such other and further relief as the court deems equitable and proper.

COMPLAINT - 7

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE:  (509)455-4151
FAX:  (509)455-8522

1    DATED this 11th day of January, 2019.

2

3                        POWELL, KUZNETZ & PARKER, P.S.

4

5                     By: _____

6                        Larry J. Kuznetz, WSBA 8697

7

8                     By: _____

9                        Sarah N. Harmon, WSBA 46493

                            Attorney for Plaintiff

10

11                        Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32    COMPLAINT - 8

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

1  STATE OF WASHINGTON  )
2                                      :ss
   County of Spokane            )
3

4         ANTHONY VELA, being first duly sworn on oath, states:

5      I am the Plaintiff above-named. I have read the foregoing Complaint, know
6   the contents thereof and believe the same to be true to the best of my
   knowledge, information and belief.
7

8                                          _Anthony L Vela_

9   Subscribed and sworn to before me this 11th day of January, 2019.

10

11

12   **Notary Public**                    Print Name: _Sarah N. Harmon_
     **State of Washington**
13   **SARAH N HARMON**                   Notary Public in and for the State of
     MY COMMISSION EXPIRES               Washington, residing at Spokane
14   FEBRUARY 02, 2022                    My commission expires: _2/2/2022_

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32   COMPLAINT - 9

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522