FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANTHONY VELA,

                  Plaintiff,

v.

WAL-MART STORES INC.,

                  Defendant.

No. 2:19-cv-00019-SMJ

**ORDER GRANTING PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY AND DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION WITH LEAVE TO RENEW**

Before the Court, without oral argument, is Plaintiff Anthony Vela's Federal Rule of Civil Procedure 56(d) request for additional discovery, ECF No. 9 at 1–8, pertaining to Defendant Wal-Mart Stores Inc.'s summary judgment motion, ECF No. 6. Defendant opposes Plaintiff's request. ECF No. 15. Having reviewed the briefing and the file in this matter, the Court is fully informed and grants the request.

Rule 56(d) provides,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>     (1) defer considering the motion or deny it;
>     (2) allow time to obtain affidavits or declarations or to take discovery; or
>     (3) issue any other appropriate order.

"To prevail on a request for additional discovery under Rule 56(d), a party

ORDER GRANTING PLAINTIFF'S REQUEST FOR ADDITIONAL
DISCOVERY AND DENYING DEFENDANT'S SUMMARY JUDGMENT
MOTION WITH LEAVE TO RENEW **- 1**

must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)). A party "is not entitled to additional discovery under [Rule] 56([d]) 'if it fails diligently to pursue discovery before summary judgment.'" *Family Home & Fin. Ctr.*, 525 F.3d at 827–28 (quoting *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989)); *see Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015) (en banc).

Except in certain categories of cases not applicable here, "the Court will issue a scheduling order to govern all procedures conducive to the just, speedy, and inexpensive resolution of the action" LCivR 16(b)(1). A delay in issuing a scheduling order also delays "starting the discovery and pretrial processes." LCivR 16(b)(2). Thus, as the Local Civil Rules provide, "[t]he Court will issue a scheduling order in accordance with Federal Rule of Civil Procedure 16(b)(2)." *Id.* Under that provision, "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). However,

ORDER GRANTING PLAINTIFF'S REQUEST FOR ADDITIONAL
DISCOVERY AND DENYING DEFENDANT'S SUMMARY JUDGMENT
MOTION WITH LEAVE TO RENEW **-** 2

one of two triggering events must occur before the Court may issue a scheduling order: either (1) the parties must provide the Court with a report following their Federal Rule of Civil Procedure 26(f) conference, or (2) the Court must consult with the parties at a scheduling conference. Fed. R. Civ. P. 16(b)(1).

To date, neither triggering event has occurred in this case. The Local Civil Rules anticipate that, ordinarily, the Court will set a scheduling conference. *See* LCivR 16(a)(5)(B). However, the Court has neglected to do so here. And while the parties here have not yet completed their Rule 26(f) conference or submitted a report, their attorneys are "jointly responsible" for this omission. Fed. R. Civ. P. 26(f)(2). Plaintiff, Defendant, and the Court all share some blame for the delay in beginning discovery.

Plaintiff has not failed to diligently pursue discovery. Rather, Plaintiff has shown by declaration that, despite reasonable diligence, he needs additional discovery to oppose summary judgment. *See* Fed. R. Civ. P. 56(d). Plaintiff has shown that Defendant had a policy or practice of allowing its employees to apply accrued sick, vacation, or personal leave time to cover tardiness. *See* ECF No. 11. Plaintiff hopes to elicit facts about how Defendant implemented or tolerated its policy or practice, and how Plaintiff's behavior conformed to prevailing norms among Defendant's employees. *See id.* Discovery on Defendant's policy or practice could raise a genuine dispute of material fact regarding whether Plaintiff improperly

falsified his time records. *See id.* Thus, Plaintiff cannot currently present facts essential to justify his opposition to summary judgment. In these circumstances, the Court may deny a summary judgment motion with leave to renew it after additional discovery. *See* Fed. R. Civ. P. 56(d)(1)–(2). The Court exercises that option here.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Rule 56(d) request for additional discovery, **ECF No. 9 at 1–8**, is **GRANTED**.

**2.** Defendant's summary judgment motion, **ECF No. 6**, is **DENIED WITH LEAVE TO RENEW**, as indicated above.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 18th day of October 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge